BENEDICT SCHMIDT *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

June 11, 1888.

**Eminent Domain—Railway—Right to Private Crossings.**—At the time of this trial (in September, 1887) it was error, in view of the provisions of Laws 1887, c. 174, § 2, to charge the jury, upon appeal from the award of commissioners in proceedings to acquire a right of way through plaintiff's farm for railway purposes, that, no crossings having been reserved to plaintiff, he was not, as a matter of law, entitled to any, and that his damages should be assessed accordingly.

Appeal by the railway company from an order of the district court for Carver county, *Edson, J.,* presiding, refusing a new trial.

*M. D. Grover* and *G. M. Nelson,* for appellant.

*Peck & Brown,* for respondent.

COLLINS, J. The defendant, a railway company, appeals from an order refusing a new trial, made after a jury had assessed damages in proceedings instituted by it to secure a right of way through plaintiff's farm. We need to discuss—and that briefly—but one of the appellant's assignments of error. At respondent's request, the trial court charged that, no crossings over the right of way having .been reserved to respondent, he was not, as a matter of law, entitled to any, and his damages should be assessed accordingly. This was error, for which a new trial must be granted. At the time of this trial the statute (Laws 1887, *c.* 174, § 2,) made provision for crossings to be constructed by the land-owner, but thereafter maintained by the railway company, in all cases where the road severs the farm lands so as to leave a part upon each side. Such crossings may be made (especially when the grade is such as will permit them to be underneath the track) of great convenience and value to the farmer, and thus materially affect the amount of damages to be awarded to him. In this instance, the court, by means of this charge, excluded from the jury any consideration of the fact that crossings, of more or less value to respondent in his farming operations, might be obtained by him in the manner pointed out by the law of 1887. The appellant duly excepted, and is entitled to the benefit of its objection to a charge so prejudicial to its interests.

Order reversed.